RECEIVED
DEC 20 2019
AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HON. |
| v. | : | Criminal No. 19- 938-CCC |
| BRIAN MEHLING | : | 26 U.S.C. § 7202 |
| | : | 31 U.S.C. §§ 5314 and 5322(a) |

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

1. Unless otherwise indicated, at all times relevant to this Indictment:

2. Defendant BRIAN MEHLING ("MEHLING") was a resident of Hackensack, New Jersey and operated a company called Mehling Office Management, LLC ("Mehling Office Management") as a limited liability company.

3. Mehling Office Management is the business structure through which MEHLING paid himself and his employees as part of his medical practice. MEHLING operated Mehling Office Management in Hackensack, New Jersey.

Employment Tax Withholding

4. Pursuant to the Internal Revenue Code and associated statutes and regulations, including the Federal Insurance Contributions Act ("FICA"), employers are required to withhold amounts from the paychecks of their employees to cover individual income, Social Security, and Medicare tax obligations. These withheld amounts are referred to as "trust fund" amounts. Employers are required to remit these withheld trust fund amounts over to the

FILED
DEC 19 2019
AT 8:30 ___ M
WILLIAM T. WALSH
CLERK

Internal Revenue Service ("IRS") on a quarterly basis, no later than the last day of the month following the end of the quarter. In addition to the trust fund amounts that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund amounts withheld (individual income, Social Security, and Medicare taxes) and the matching amounts contributed. Employment taxes are required to be reported to the IRS by the employer on a Form 941, Employer's Quarterly Federal Tax Return ("Form 941"), due on the last day of the month following the end of a quarter.

5. Any person having authority to exercise significant control over an employer's financial affairs is deemed responsible for collecting, accounting for, and paying over employment taxes, regardless of whether the individual exercised such control. More than one person may be considered a "responsible person" for the purpose of collecting, accounting for, and paying over employment taxes, including trust fund amounts and employers' matching amounts.

6. To ensure remittance by employers of employment taxes following the end of each quarter, the IRS has statutory authority to take action in case

of delinquency, including the legal power to levy employers' bank accounts and lien assets to satisfy the obligation to pay over amounts due for employment taxes. The Internal Revenue Code authorizes the IRS to assess a "Trust Fund Recovery Penalty" against any individual responsible for paying over the employment taxes and who willfully fails to pay them over to the United States. The Trust Fund Recovery Penalty is equal to 100% of the unpaid trust fund taxes.

## Reporting of Foreign Bank Accounts

7. Additionally, United States citizens, resident aliens, and legal permanent residents of the United States are required to file an individual income tax return with the IRS, reporting their worldwide income for each year if their gross income exceeded a certain amount.

8. The IRS required on Form 1040, Schedule B, Part III, Line 7a, that every taxpayer answer the following question by checking a "Yes" or "No" box: "At any time during [the calendar year], did you have an interest in or signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?" If the answer to the question posed on Line 7a was "Yes," and other exceptions not relevant here did not apply, then the box on Line 7a had to be checked "Yes." If the "Yes" box on Line 7a was checked, then Line 7b required the taxpayer to enter the name of the foreign country in which the financial account was located.

9. United States citizens, resident aliens, and legal permanent residents of the United States who had a financial interest in, or signature or other authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular calendar year were required to file with the Department of the Treasury a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1 ("FBAR"). The FBAR for the applicable year was due by June 30 of the following year.

10. A financial account maintained in a foreign country that was not reported to the United States government on a tax return and an FBAR is considered an "undeclared bank account."

Defendant Brian Mehling's Obstruction of the Internal Revenue Laws

11. Defendant MEHLING exercised control over Mehling Office Management's financial affairs, including approving payments by Mehling Office Management and controlling its bank accounts. Defendant MEHLING was responsible for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS and paying over to the IRS employment taxes for the employees of Mehling Office Management.

12. Prior to 2014, Mehling Office Management issued paychecks to its employees, filed Forms 941 with the IRS, and withheld trust fund taxes from its employees' paychecks.

13. From at least 2014 through 2018, defendant MEHLING was delinquent in paying employment taxes for Mehling Office Management due to the IRS.

14. As a result of defendant MEHLING's failure to timely pay over to the IRS the employment taxes for Mehling Office Management, the IRS initiated collection activity in an effort to recover the unpaid employment taxes. The IRS's efforts included, but were not limited to, the following:

   a. Since at least in or around August 2017, filing notices of federal tax liens against defendant MEHLING and entities owned and controlled by him;

   b. Since at least in or around March 2011, assessing the Trust Fund Recovery Penalty against defendant MEHLING, individually, for the unpaid trust fund taxes of entities he owned and controlled, including Mehling Office Management.

15. From at least in or around January 2015, until he was contacted by IRS criminal investigators in or around September 2018, defendant MEHLING failed to timely pay over to the IRS the employment taxes on behalf of Mehling Office Management.

16. In or around 2019, defendant MEHLING failed to report the existence of a foreign financial account at the following bank:

| Date (On or About) | Account Domicile | Bank Name | Amount (approximate) |
|---|---|---|---|
| June 30, 2019 | France | Bank A | $12,762.25 |

17. In or around 2019, defendant MEHLING failed to timely file an FBAR, reporting defendant MEHLING's financial interest in, and signature and other authority over, MEHLING's foreign financial account at Bank A.

## COUNTS ONE - TEN
## 26 U.S.C. § 7202
### Failure to Pay Over Trust Fund Taxes

18. Paragraphs 1 through 17, above, are re-alleged and incorporated herein, as if fully set forth.

19. At all times material to Counts One through Ten, the defendant, BRIAN MEHLING, was a person required to collect, account for on quarterly Forms 941, and pay over to the Internal Revenue Service on behalf of Mehling Office Management, income, Social Security, and Medicare taxes imposed on its employees by the Internal Revenue Code.

20. On or about the dates listed in the table below for each count herein, in the District of New Jersey, and elsewhere, the defendant, BRIAN MEHLING, did willfully fail to pay over the aforesaid taxes withheld from the pay of employees of Mehling Office Management, in the approximate amount stated:

| Count | Date (On or About) | Quarter Ending | Tax Due and Owing (approximate) |
|---|---|---|---|
| 1 | January 31, 2015 | December 31, 2014 | $14,974.77 |
| 2 | April 30, 2015 | March 31, 2015 | $96,932.92 |
| 3 | October 31, 2015 | September 30, 2015 | $126,181.51 |
| 4 | January 31, 2016 | December 31, 2015 | $237,835.81 |
| 5 | April 30, 2016 | March 31, 2016 | $225,072.16 |
| 6 | July 31, 2016 | June 30, 2016 | $266,833.12 |
| 7 | October 31, 2016 | September 30, 2016 | $315,640.19 |
| 8 | October 31, 2017 | September 30, 2017 | $40,493.61 |
| 9 | January 31, 2018 | December 31, 2017 | $132,644.53 |
| 10 | April 30, 2018 | March 31, 2018 | $69,672.60 |

In violation of Title 26, United States Code, Section 7202.

## COUNT ELEVEN
## 31 U.S.C. § 5314 and 5322(a)
## Failure to Report a Foreign Bank Account

21. Paragraphs 1 through 20, above, are re-alleged and incorporated herein, as if fully set forth.

22. On or before the time required by law, including any lawful extensions, the defendant, BRIAN MEHLING, did knowingly and willfully fail to file a Report of Foreign Bank and Financial Accounts (Form TD F 90-22.1) ("FBAR") by submitting such report to the United States Department of the Treasury, disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, namely, an account located in France at Bank A, which account had an aggregate value of more than $10,000 at any time during the years listed below:

| Count | Calendar Year | Due Date for FBAR |
|---|---|---|
| 11 | 2018 | June 30, 2019 |

In violation of Title 31, United States Code, Sections 5314 and 5322(a).

A TRUE BILL

CRAIG CARPENITO
United States Attorney

CASE NUMBER: 19-cr-938-ccc

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

BRIAN MEHLING

## INDICTMENT FOR

26 U.S.C. § 7202
31 U.S.C. §§ 5314, 5322(a)

A True Bill,

_____
Foreperson

**CRAIG CARPENITO**
U.S. ATTORNEY
NEWARK, NEW JERSEY

LEAH GOULD
ASSISTANT U.S. ATTORNEY
(973) 353-6071