# LAW OFFICES OF PATRICK A. MULLIN

45 ROCKEFELLER PLAZA. SUITE 2000 · NEW YORK, NEW YORK 10111

WWW.TAXDEFENSE.COM          T 212-639-1600          MULLIN@TAXDEFENSE.COM

June 26, 2023

Hon. Claire C. Cecchi, U.S.D.J.
United States District Court
For the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Courtroom 5B
Newark, New Jersey 07101

> Re:   _United States v. Brian Mehling,_
>       Docket No. 2:19-cr-00938

Dear Judge Cecchi,

I write on behalf of this law firm's client, Brian Mehling, MD ("Dr. Mehling"), defendant in the above-referenced matter, with regard to the Government's June 22, 2023 email request, enclosed herein, that the Court schedule a status conference, _Frye_ hearing, and trial date in this matter.  In response to the Government's request, a _Frye_ hearing was subsequently scheduled for 11:30 a.m. on July 20, 2023.

In making this submission, I respectfully request that the Court accept this letter memorandum in lieu of a more formal motion and request, for the reasons set forth below, that the Court deem this matter "complex" for Speedy Trial Act purposes and that a _Frye_ hearing be deemed unnecessary.

I.   The Defense Requests that this Matter Be Designed as "Complex" Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii) and/or 18 U.S.C. § 3616(h)(7)(B)(iv).

I write, firstly, to request that the Court declare this a "complex case" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and/or  18 U.S.C. § 3161(h)(7)(B)(iv) and, if this request is granted, that the Court take this designation into account in entering any scheduling orders in this matter, for the following reasons:

1.   Dr. Mehling was indicted in this matter on December 20, 2019 and charged with ten (10) counts of failure to pay over trust fund taxes, in violation of 26 U.S.C. § 7202, with a substantial alleged tax loss of $1,526,281, and one (1) count of failure to report a foreign bank account, in violation of 31 U.S.C. §§ 5314, 5322(a).

400 KELBY STREET
SUITE 1700
FORT LEE, NEW JERSEY 07024
T 201-242-9600

1250 CONNECTICUT AVENUE N.W.
SUITE 400 EAST TOWER
WASHINGTON, D.C. 20037
T 202-688-1500

Hon. Claire C. Cecchi, U.S.D.J.
June 26, 2023

2. Dr. Mehling was previously represented in this matter by James Moriarity, Esq., who passed away unexpectedly on April 4, 2022. As a result, Dr. Mehling was required to retain new counsel to represent him in this matter and subsequently retained my law firm in September, 2022.

3. Since being retained, my law firm has made consistent diligent efforts to come up to speed in this matter and has maintained communication with the Government to explore the possibility of resolving this matter on a civil basis, without proceeding to trial in the pending criminal matter.

4. Among other things, this law firm's efforts to date have included:

   a. Initial review of voluminous discovery provided by the Government, consisting to date of approximately 87,328 files comprising approximately 16 gigabytes of data and containing, among other things, complicated financial and tax information;

   b. Review of hundreds of financial, tax, and other relevant documents and memoranda provided by Dr. Mehling and Mr. Moriarty's office, consisting of more than 2 gigabytes of data;

   c. Numerous and extensive meetings with Dr. Mehling to discuss this matter, including, among other things, extensive discussions regarding the plea offer provided by the Government in this matter;

   d. Extensive preparation for, and subsequent participation in, an attorney proffer session with the Government at the U.S. Attorney's Office in Newark, New Jersey on March 10, 2023;

   e. Extensive legal research regarding the offenses charged against Dr. Mehling and exploration of potential defenses to these charges; and

   f. Substantial communications with the Government regarding this matter.

5. The charges against Dr. Mehling set forth in the indictment carry serious penalties should he be convicted, including, among others, a significant potential term of imprisonment, restitution of $1,526,281, and a potentially severe adverse impact on Dr. Mehling's livelihood and licenses to practice medicine. In this regard, we note that Dr. Mehling is a world-renowned orthopedic surgeon who has spent most of his life

Hon. Claire C. Cecchi, U.S.D.J.
June 26, 2023

establishing his medical practices, career, and professional reputation
and is in the process of expanding his orthopedic practice overseas and
setting up international stem cell research clinics.

In light of the highly voluminous discovery, the complicated financial and tax
issues involved in this matter, and the seriousness of the charges which Dr. Mehling is
facing, we submit pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) that the nature of the
prosecution in this matter is "so unusual or complex" that "that it is unreasonable to
expect adequate preparation for pretrial proceedings or for the trial itself within the
time limits established by" the Speedy Trial Act, 18 U.S.C. § 3161.

As an alternative basis, we submit for the aforementioned reasons, as well as
the untimely passing of Dr. Mehling's prior counsel, pursuant to 18 U.S.C. §
3161(h)(7)(B)(iv) that a failure to grant a continuance under the Speedy Trial Act, 18
U.S.C. § 3161, "would deny counsel for the defendant . . . the reasonable time
necessary for effective preparation, taking into account the exercise of due diligence".

Accordingly, we respectfully request that the Court deem this a "complex case"
for purposes of the Speedy Trial Act and take such a designation into account when
addressing the Government's request to schedule a status conference and trial date
in this matter. *See, e.g.*, *United States v. Scarfo*, 41 F.4th 136, 176 (3d Cir. 2001)
(holding case was "complex" for Speedy Trial purposes in light of, among other
things, "'voluminous' amounts of discoverable material"); *United States v. Girard*,
2019 U.S. Dist. LEXIS 127739 (D. V.I. 2019) (deeming case "complex" for Speedy Trial
purposes due to, among other things, the Government's argument that there was
"voluminous discovery necessitating additional time to prepare for pre-trial motions
practice and trial"); *United States v. Young*, 2011 U.S. Dist. LEXIS 104278 (E.D. Pa.
2011) (noting that case was deemed "complex" due to, among other things,
voluminous discovery); *United States v. Moscoso*, 2005 U.S. Dist. LEXIS 10217, at *18
(E.D. Pa. 2005) (deeming the case "complex" and granting a continuance based upon
a finding that "the ends of justice will be served by granting defense counsel an
appropriate period of time to receive all the discovery in this matter; to review it in a
meaningful way with their respective clients; to conduct an independent
investigation of the information provided; to file pretrial motions on behalf of
defendants; to have the court conduct hearings, if necessary, on any pretrial motions;
and to have the undersigned take a reasonable period to reflect on the positions of
the parties and issue an appropriate ruling"); *see also United States v. Lattany*, 982
F.2d 866 (3d Cir. 1992) (holding that a district court has authority to issue open-
ended continuances if necessary in the interest of justice and reasonable under the
circumstances); *United States v. Ervin*, 2011 U.S. Dist. LEXIS 31714, at **2-3 (M.D. Al.
2011) (finding that the ends of justice were served by a continuance under the
Speedy Trial Act because "Both Ervin and the government represent that the case
involves particularly complex questions of tax law, requiring consultation with tax
specialists. On March 2, 2011, the government added four additional tax charges in a
superseding indictment. Furthermore, the parties state that the government has

3

Hon. Claire C. Cecchi, U.S.D.J.
June 26, 2023

produced between 45,000 and 63,000 documents in discovery. These documents involve detailed analyses of Ervin's financial accounts obtained over the course of a decade. Ervin represents that she cannot sufficiently review these documents prior to the current trial date.").

Finally, the Government states in its enclosed June 23, 2023 email, "Although pretrial motion deadlines passed several years ago, no pretrial motions were filed, and there has been new defense counsel since 2022." In this regard, the Defense notes that this Court's Scheduling Order was entered on January 30, 2020, setting a deadline of April 24, 2020 for the filing of any pretrial motions. Notably, both the order and the associated deadline were entered before the passing of Dr. Mehling's prior counsel, and no new scheduling order has been entered since I entered an appearance in this matter on September 30, 2022. Accordingly, the Defense requests that a modified scheduling order be entered, taking into account the request set forth above to deem this matter "complex" for Speedy Trial purposes.

II.      The Defense Submits that a *Frye* Hearing Is Not Necessary in this Matter.

I write, secondly, to submit that a *Frye* hearing, as requested by the Government, is unnecessary and unwarranted at this time. The Defense acknowledges its obligation pursuant to *Missouri v. Frye*, 566 U.S. 134 (2012) to timely communicate any formal plea offers to Dr. Mehling and has fully complied, and will continue to fully comply, with this obligation.

District of New Jersey Standing Order 15-2, *In re Criminal Trial Scheduling and Discovery* (September 22, 2015), provides,

> "17. No sooner than two weeks following the disposition of pretrial motions, the Court shall, in consultation with the parties, schedule a final pretrial conference.
>
> 18. At the pretrial conference, the parties shall advise the Court whether the case should be set for trial. The Court, in appropriate cases, may wish to conduct a *Frye* inquiry to ensure that the defendant has been made aware of all Government plea offers and has rejected them."

The Defense submits that because pretrial motions have yet to be submitted, let alone disposed of, and, accordingly, no final pretrial conference has been scheduled, it would be untimely to hold a *Frye* hearing at this juncture and, in any event, a *Frye* hearing is not necessary as the Defense has fully communicated and extensively discussed the Government's present plea offer with Dr. Mehling, who is also copied on this submission.

Hon. Claire C. Cecchi, U.S.D.J.
June 26, 2023

        Accordingly, with respect to the Court's valuable time and resources, the
Defense submits that a *Frye* hearing is not in this matter.

        Should these requests be granted, the Defense shall continue to make every
diligent effort in this matter, including, among other things, the continued review
and analysis of voluminous documents and the continued preparation of a defense,
and the continued communication with the Government.

        Thank you for your every consideration of these requests.

                                        Truly yours,

                                PATRICK A. MULLIN

PAM/cs
Encl.
Via ECF.
cc:     Ms. Jacqueline Lambiase, Courtroom Deputy (via Email to
        Jacqueline_Lambiase@njd.uscourts.gov);
        AUSA Garret J. Schuman (via ECF and Email to GSchuman@usa.doj.gov);
        Brian Mehling, MD.

5

**Patrick Mullin**

| | |
|---|---|
| **From:** | Schuman, Garrett (USANJ) <Garrett.Schuman@usdoj.gov> |
| **Sent:** | Friday, June 23, 2023 4:02 PM |
| **To:** | Jacqueline Lambiase |
| **Cc:** | Patrick Mullin |
| **Subject:** | RE: U.S. v. Brian Mehling (19-cr-938) - Request for Status Conference and Frye Hearing |

Jacquie,

I write to provide some additional context for your question below inquiring about the purpose of the status conference.  The District Court has not held any conferences for this case since the case was assigned on December 20, 2019.

In addition to the *Frye* colloquy, I think setting a trial date would enable the parties to work backwards and prepare a scheduling order incorporating pretrial motion deadlines.  Although pretrial motion deadlines passed several years ago, no pretrial motions were filed, and there has been new defense counsel since 2022.

Sincerely,
Garrett


**Garrett J. Schuman**
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street
Newark, New Jersey 07102
Office: (973) 645-2833 | Cell: (862) 754-2199
Email: Garrett.Schuman@usdoj.gov


**From:** Jacqueline Lambiase <Jacqueline_Lambiase@njd.uscourts.gov>
**Sent:** Friday, June 23, 2023 2:12 PM
**To:** Schuman, Garrett (USANJ) <GSchuman@usa.doj.gov>
**Cc:** Mullin@TaxDefense.com
**Subject:** RE: U.S. v. Brian Mehling (19-cr-938) - Request for Status Conference and Frye Hearing

What is the purpose of the status conference?

**From:** Schuman, Garrett (USANJ) <Garrett.Schuman@usdoj.gov>
**Sent:** Thursday, June 22, 2023 4:26 PM
**To:** Jacqueline Lambiase <Jacqueline_Lambiase@njd.uscourts.gov>
**Cc:** Mullin@TaxDefense.com
**Subject:** U.S. v. Brian Mehling (19-cr-938) - Request for Status Conference and Frye Hearing

**CAUTION - EXTERNAL:**

1

Jacquie,

I write in connection with U.S. v. Mehling (19-cr-938).  Following recent discussions with defense counsel, Patrick Mullin (copied) we would respectfully request a status conference in the next few weeks.  The parties' current continuance expires on July 14, 2023.

The Government also respectfully requests that the Court conduct a *Frye* colloquy at the status conference and set a trial date.

Respectfully,
Garrett


**Garrett J. Schuman**
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street
Newark, New Jersey 07102
Office: (973) 645-2833 | Cell: (862) 754-2199
Email: Garrett.Schuman@usdoj.gov


**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

## Patrick Mullin

| | |
|---|---|
| **From:** | Schuman, Garrett (USANJ) <Garrett.Schuman@usdoj.gov> |
| **Sent:** | Friday, June 23, 2023 3:53 PM |
| **To:** | Jacqueline Lambiase; Patrick Mullin |
| **Subject:** | RE: U.S. v. Brian Mehling (19-cr-938) - Request for Status Conference and Frye Hearing |

Thank you Jacquie.

**From:** Jacqueline Lambiase <Jacqueline_Lambiase@njd.uscourts.gov>
**Sent:** Friday, June 23, 2023 2:20 PM
**To:** Schuman, Garrett (USANJ) <GSchuman@usa.doj.gov>; Mullin@TaxDefense.com
**Subject:** RE: U.S. v. Brian Mehling (19-cr-938) - Request for Status Conference and Frye Hearing

The Court will schedule a Frye hearing for July 20, 2023 @ 11:30 a.m.

The Government should file a motion for a continuance prior to the 7/14 expiration of the continuance in place now.

Thank you,


**From:** Schuman, Garrett (USANJ) <Garrett.Schuman@usdoj.gov>
**Sent:** Thursday, June 22, 2023 4:26 PM
**To:** Jacqueline Lambiase <Jacqueline_Lambiase@njd.uscourts.gov>
**Cc:** Mullin@TaxDefense.com
**Subject:** U.S. v. Brian Mehling (19-cr-938) - Request for Status Conference and Frye Hearing

**CAUTION - EXTERNAL:**


Jacquie,

I write in connection with U.S. v. Mehling (19-cr-938).  Following recent discussions with defense counsel, Patrick Mullin (copied) we would respectfully request a status conference in the next few weeks.  The parties' current continuance expires on July 14, 2023.

The Government also respectfully requests that the Court conduct a *Frye* colloquy at the status conference and set a trial date.

Respectfully,
Garrett


**Garrett J. Schuman**
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street
Newark, New Jersey 07102

Office: (973) 645-2833 | Cell: (862) 754-2199
Email:

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening
attachments or clicking on links.